# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KAHLIL A. BYERS,

      Plaintiff,

  v.

BALLARDO, *et al.*,

      Defendants.

Case No.  1:25-v-01691-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION

(ECF No. 10)

**FOURTEEN (14) DAY DEADLINE**

**I.     Background**

Plaintiff Kahlil A. Byers ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was transferred to this Court on December 1, 2025.  (ECF No. 4.)

On April 22, 2026, the Court screened Plaintiff's complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. (ECF No. 10.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or notice of voluntary dismissal within 30 days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action.  (*Id.*)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

1

**I.      Failure to State a Claim**

**A.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.  Plaintiff's Allegations**

Plaintiff is currently housed at Mule Creek State Prison.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP").  Plaintiff names the following defendants: (1) Ballardo Francisco, Correctional Officer; (2) Johnson Cole, Correctional Officer; (3) Vieth Damill M, Correctional Officer; and (4) Olvera Salomon, Correctional Officer.

In Claim I, Plaintiff asserts a violation of the Fifth Amendment.  He alleges that each defendant had access to all his personal property, making them responsible for all his property

while in their care.  From April 27, 2025 until July 19, 2025, Plaintiff was inside the restricted housing unit at KVSP.  While being placed inside the restricted housing unit, KVSP allowed him limited access to his personal property due to his placement "being safety concerns."  (ECF No. 1 at 2.)  Defendants have taken his personal property for the purpose of intentional infliction of emotional distress.  Plaintiff claims that this was concealed from him until the completion of his transfer and arrival at his current facility.  Plaintiff further claims that they have taken all of the legal research that has taken years for him to study and obtain, personal projects and visual arts work, business propositions, articles of clothing, family pictures, and recent obituaries.  As injury, Plaintiff asserts that he has had a decline in his mental health, he has lost irreplaceable belongings, he is having financial problems attempting to replace his clothing and religious items, and he is in fear that his personal and family information on his missing letters will get out.

In Claim II, Plaintiff asserts a violation of his Fourth Amendment rights.  He alleges that due to his refusal to return back to the general population at KVSP because of safety concerns, Defendants unlawfully hid the fact of retaliation in the form of stealing his personal property documents.  They made duplicates of property he no longer and never had in his possession or person.  Defendants packaged and repacked his personal property several times without his consent.  They violated his due process of reviewing facility and body camera footage of everyone at his cell door admitting to the loss of his property by defendants.  As injury, Plaintiff claims that he is experiencing financial hardship due to years of legal work being taken from him.  He is now increasing his health care with his therapist due to an increase in depression.

As relief, Plaintiff seeks monetary damages.

### C. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.

**Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short, but it is not a plain statement of his claims.  Plaintiff's complaint does not clearly state what happened, when it happened, and who was involved. Additionally, Plaintiff's conclusory statements and legal conclusions are not sufficient to state a cognizable claim for relief.

**Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to adequately link any of the named defendants to any action or omission alleged to have violated his rights.  Indeed, the allegations in the complaint fail to name any of the defendants.  Plaintiff may not simply lump all defendants together by referring generally to "defendants" or "they" in his allegations.

**First Amendment - Retaliation**

The nature of Plaintiff's retaliation claim is unclear.  Allegations of retaliation against a

4

prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567– 68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc*, *ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Rizzo*, 778 F.2d at 532.

Plaintiff appears to allege that due to his refusal to return to the general population at KVSP, defendants hid the fact of their retaliation in the form of stealing his property and they lied on the personal property documents. Plaintiff's complaint fails to state a cognizable retaliation claim. Plaintiff does not clearly allege that he engaged in protected conduct or that any named defendant took an adverse action against him because of that protected conduct. Further, Plaintiff fails to link any of the named defendants to the allegations in his complaint.

**Fifth Amendment**

Plaintiff appears to assert a violation of the Fifth Amendment due process clause. The Fifth Amendment's due process clause only applies to the federal government. *Bingue v.*

*Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Since Plaintiff is not proceeding against any federal government employees, he is unable to state a cognizable claim for violation of his rights under the Fifth Amendment.

**Fourteenth Amendment – Deprivation of Property**

Insofar as Plaintiff also alleges that defendants stole his personal property, these allegations also are not sufficient to support a cognizable claim.  Prisoners have a protected interest in their personal property.  *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under the Due Process Clause.  *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985).  However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff alleges that his property was stolen by defendants.  As this alleged conduct was an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff.  *Hudson*, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law.  *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).  Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

**State Law Claims**

Plaintiff may be attempting to pursue a state law claim for intentional infliction of emotional distress.  Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c).  The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Although the Court may exercise supplemental

jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  28 U.S.C. § 1367.  Plaintiff's complaint fails to state any cognizable federal claims. The Court therefore will recommend that the Court decline to exercise supplemental jurisdiction over any state law claims and that those claims be dismissed without prejudice.

**II.    Failure to Prosecute and Failure to Obey a Court Order**

**A.  Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**A.  Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

7

*Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's April 22, 2026 screening order warned Plaintiff that his failure to file an amended complaint would result in a recommendation for dismissal of this action.[1]  (ECF No. 12.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**III.    Conclusion and Recommendation**

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that (1) Plaintiff's federal claims be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, (2) the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and those claims be dismissed without prejudice, and

---

[1] The Court's order warned Plaintiff that his failure to file a first amended complaint would result in a recommendation for dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.  (ECF No. 10 at 7.)  However, the Court additionally finds that Plaintiff's federal claims should be dismissed with prejudice for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915A.

(3) this action be dismissed for failure to obey a court order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 1, 2026**                    /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

9