# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KAHLIL A. BYERS,

          Plaintiff,

    v.

BALLARDO, *et al.*,

          Defendants.

Case No.  1:25-v-01691-BAM (PC)

ORDER VACATING JUNE 1, 2026 FINDINGS AND RECOMMENDATIONS (ECF No. 12)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION

(ECF No. 13)

**FOURTEEN (14) DAY DEADLINE**

### I.  Background

Plaintiff Kahlil A. Byers ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was transferred to this Court on December 1, 2025.  (ECF No. 4.)

On April 22, 2026, the Court screened Plaintiff's complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. (ECF No. 10.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or notice of voluntary dismissal within 30 days.  (*Id.*)  On June 1, 2026, after Plaintiff failed to respond to the Court's order, the Court issued findings and recommendations that this action be dismissed.  (ECF No. 12.)  The Court directed that any objections to the findings and recommendations be filed within 14 days.  (*Id.*)

1

On June 18, 2026, in lieu of filing objections, Plaintiff filed a first amended complaint. (ECF No. 13.)  Based on Plaintiff's filing, the Court finds it appropriate to vacate the June 1, 2026 findings and recommendations.  The Court further finds it appropriate to screen the first amended complaint, (ECF No. 13), and issue new findings and recommendations that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

## II.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## III.    Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison.  The events in the amended complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP").  Plaintiff names the following defendants: (1) Salomon Olvera Correctional Officer;

2

(2) Jamill Vieth, Correctional Officer; (3) Francisco Ballardo, Correctional Officer; and (4) Cole Johnson, Correctional Officer.  Plaintiff asserts the "[r]ight to due process" and "[r]ight to be secure in papers, and effects from any damages, lost or stolen."  (ECF No. 13 at 3.)

Plaintiff alleges he arrived at KVSP on April 26, 2025, with a total of 5 maximum weight and length property boxes.  On April 27, 2025, at approximately 7:00 a.m., he was escorted to the D yard program office holding cages, where it was deemed through confidential information that Plaintiff's life would be in danger if he were to remain on D yard and the same threat would follow him to facility C yard.  Plaintiff thus would be placed in the Restricted Housing Unit (RHU).  Defendant Olvera inventoried all of Plaintiff's personal belongings while Plaintiff awaited his transport to RHU.  Not once after Defendant inventoried Plaintiff's belongings and placed them inside the facility D property room did Plaintiff have all five boxes or possess all of his belongings per RHU rules.

On April 27, 2025, at approximately 13:21:48 pm, Defendant Vieth adjusted the same inventory list.  Not once after Defendant's adjustment, or Defendant Olvera's inventory, was Plaintiff allowed to see or possess all five boxes of his belongings that were then placed inside the facility C property room per RHU rules.

On May 29, 2025, at approximately 19:11:47, after refusing to return to general population, Defendant Ballardo duplicated the property list of the above two defendants, placed all of Plaintiff's belongings inside nine different boxes (even though Plaintiff only arrived at KVSP with five boxes of property), and placed the boxes inside the facility C/RHU property room.  Plaintiff was no longer allowed to see or possess nine boxes of property per RHU rules.

On June 21, 2025, from approximately11:55:26 to 12:36:11, Defendant Johnson inventoried the belongings inside Plaintiff's cell to return them with the property that should have been inside the labeled nine boxes Kahlil Byers BK 4361.  Defendant made errors in the process, as the log he inventoried and signed and the final copy, both submitted to the Court, do not match. The final copy given to Plaintiff upon arriving at Mule Creek State Prison, the recipient of three boxes, was Plaintiff.  From April 2025 until Plaintiff's transfer to Mule Creek State Prison on July 17, 2025, Plaintiff was assigned placement to cell E-155, inside the RHU at KVSP, with

3

limited access to his personal belongings and with complete supervision of anything coming out or going inside the cell.  As submitted to the courts by Plaintiff, the signed document shows that each defendant has taken responsibility for handling and inventory of Plaintiff's property.  As of Plaintiff's departure from KVSP and his arrival at Mule Creek State Prison, CCTV footage clearly showed Plaintiff having three boxes labelled with the name Kahlil Byers CDCR number BK 4361.

Plaintiff alleges that defendants are responsible for all of his lost property and shall be held accountable.  Plaintiff further alleges that Defendants admitted to the loss of his property on CCTV and body camera audio, but omitted it all from the signed document of his inventoried property.

As relief, Plaintiff seeks monetary damages.

**IV.     Discussion**

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short, but it is not a plain statement of his claims.  Plaintiff's allegations are disjointed, and his amended complaint does not clearly state what happened, when it happened, and who was involved.  Plaintiff's conclusory statements are not sufficient to state a cognizable claim for relief.

**B.  Fourteenth Amendment – Deprivation of Property**

Prisoners have a protected interest in their personal property.  *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under

4

the Due Process Clause.  *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985).  However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  *Hudson*, 468 U.S. at 533.

Plaintiff complains that defendants are responsible for the loss/deprivation of his personal property in violation of prison rules.  As alleged, this conduct is an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff.  *Hudson*, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law.  *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).  Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

### C. Violation of Prison Rules and Policies

To the extent Defendants are alleged to have failed to comply with applicable prison regulations, rules, or policies, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 F. App'x 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (explaining all section 1983 claims must be premised on violation of federal constitutional right); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (explaining state departmental regulations, like CDCR operations manual, do not establish a federal constitutional violation); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *4 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC),

2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

###   V.   Conclusion and Recommendation

Based on the above, the findings and recommendations issued on June 1, 2026, (ECF No. 12), are HEREBY VACATED.

Additionally, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 24, 2026**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

6